**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph SHORTS, Defendant–Appellant.**

No. 00–10091.

D.C. No. CR–99–00148–02–SOM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 13, 2001.*

Decided April 3, 2001.

Before HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM **

The district court properly denied Shorts's motion to suppress. The warrantless search of the hotel room was justified by exigent circumstances that would lead a reasonable officer to believe that entry was necessary to prevent the destruction of relevant evidence. *See United*

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States v. Gooch,* 6 F.3d 673, 679 (9th Cir. 1993). Shorts's contention that the officers should have instead placed a block on incoming phone calls lacks merit. Such a block would not have prevented Johnson from contacting Shorts by cell phone, nor does it make sense to require officers to investigate the feasibility of such phone blocks when time is of the essence. Nothing in the record suggests that the officers created the exigent circumstances.

■ There is sufficient evidence to support a conviction. The government presented testimony that Shorts was seen bagging drugs with another person, and that Shorts was observed flushing drugs down a toilet. Drugs were also uncovered in a subsequent search of the hotel room. Other drugs were on a table in plain view. A rational trier of fact could conclude that Shorts participated in a conspiracy to distribute a controlled substance and that he possessed drugs with intent to distribute.

■ Shorts's contention, raised for the first time on appeal, that the government failed to disclose that the confidential source would testify that Shorts offered to help bag cocaine, fails to state a *Brady* violation. This information is inculpatory, not exculpatory. *See Gray v. Netherland,* 518 U.S. 152, 167–68, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (noting that *Brady* concerned only exculpatory evidence and did not create a right to discovery). Moreover, Shorts was provided with the confidential source's written statement, and his counsel used it in an effort to impeach her testimony at trial.

AFFIRMED.